Document Number  Case Number
06-C-0032-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
02/16/2007 05:44:40 PM CST

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| COMPUTER DOCKING STATION CORPORATION,<br><br>   Plaintiff,<br><br>vs.<br><br>DELL, INC.; FUJITSU COMPUTER SYSTEMS CORPORATON; GATEWAY, INC.; HEWLETT-PACKARD COMPANY; TOSHIBA AMERICA, INC.; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; INTERNATIONAL BUSINESS MACHINES CORPORATION, and LENOVO (UNITED STATES), INC.,<br><br>   Defendants. | CASE NO. 06 C 0032 C<br><br>**DECLARATION OF ROBERT DEPIRRO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND TO AMEND JUDGMENT** |

I, Robert DePirro, hereby declare:

1. I am an engineer employed by Acacia Technologies Services Corp., an affiliate company of Computer Docking Station Corp. ("CDSC"), the Plaintiff in this action. I have personal knowledge of the facts stated herein, and, if called as a witness, would and could testify competently thereto.

2. In April 2005, Acacia Patent Acquisition Corp., CDSC's parent company, acquired U.S. Patent No. 5,187,645 ("the '645 patent") and began investigating possible infringement of the '645 patent. Specifically, Jeff Schoenwald, another engineer at Acacia, and I analyzed the '645 patent and began collecting information concerning several portable computers and their corresponding docking stations.

3. As part of this investigation, Mr. Shoenwald and I searched the Internet, including Defendants' websites, to determine which computers had a plurality of ports -- with particular attention to the ports mentioned in the '645 patent specification -- that could be replicated through a compatible docking station.

4. John Roop, yet another engineer at Acacia, dismantled a Dell docking station and performed various electrical tests to confirm that contemporary docking stations simply passed signals from the docking station's connection with the computer to its peripheral device ports.

5. I also conducted an in-depth prior art search, reviewing magazine articles, advertisements and other industry publications at the University of California Irvine's library, to determine if what was claimed in the '645 patent had been done prior to that patent's filing date. Acacia also engaged Robert Blackmon, a patent attorney, to search for prior art patents.

6. During my investigation, I consulted on several occasions with Alan Block, a partner at Hennigan Bennett & Dorman LLP, CDSC's outside litigation counsel.

7. Mr. Block, Mr. Schoenwald, and I prepared infringement claim charts showing that the Defendants had infringed the '645 patent. Over several weeks, we continued to revise and discuss those charts and the contentions they made.

8. Acacia then sent these claim charts to each of the Defendants in this case,

including Dell, Gateway and Toshiba. In response, Dell, Hewlett-Packard, and Sony each provided us with alleged prior art which they contended would invalidate the '645 patent. We analyzed the alleged prior art that they provided and then explained to each of these companies why none of the alleged prior art references would invalidate the '645 patent.

9. Much of these discussions took place in face-to-face meetings and over the phone. I was personally involved in many of the discussions. For example, Dell and Hewlett-Packard personnel met personally with Karlton Butts, an in-house attorney with Acacia, and me to discuss the '645 patent.

10. I do not recall at any time during any of these discussions any defendant suggesting that they did not infringe the '645 patent, though at an in-person meeting with representatives from Dell, I did explain, at Dell's request, how a Dell computer "rests in" its docking station after Dell's representatives implied that it did not. Rather, each of the defendants focused on the issue of validity during our discussions. A representative of one of the defendants, Sony, even conveyed to me that he felt that CDSC's infringement case was compelling, and that Sony's focus would be on invalidity.

11. No defendant ever contended in any of these discussions with me that their products did not infringe because they did not meet the "portable computer" limitation, and I do not recall that any defendant ever contended during any of the meetings I attended or phone conversations I participated in that they did not infringe because their products did not meet the "all connections" limitation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 16th day of February 2007 at Newport Beach, California.

_____
Robert DePirro

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of February 2007, I served a true and correct copies of the foregoing document entitled **DECLARATION OF ROBERT DEPIRRO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND TO AMEND JUDGMENT** by e-mail to all counsel of record listed below:

By *M Smith-Richardson*
Miyuki Smith-Richardson

## Service List

**For Defendant Dell, Inc.:**

> James A. Friedman
> Todd G. Smith
> James D. Peterson
> LaFollette Godfrey & Kahn
> One East Main Street, Suite 500
> P.O. Box 2719
> Madison, WI 53701-2719
> Telephone: 608-257-3911
> Fax: 608-257-0609
> jfriedma@gklaw.com
> tsmith@gklaw.com
> jpeterso@gklaw.com

> Brian K. Buss
> Gentry C. McLean
> Willem Schuurman
> David Weaver
> Vinson & Elkins LLP
> 2801 Via Fortuna, Suite 100
> Austin, TX 78746-7568
> Telephone: 512-542-8651
> Fax: 512-236-3476
> bbuss@velaw.com
> gmclean@velaw.com
> dweaver@velaw.com
> bschuurman@velaw.com

**For Defendant Gateway, Inc.:**

> Michael J. Modl
> Andrew J. Clarkowski
> Axley Brynelson
> 2 East Mifflin Street, Suite 200
> P.O. Box 1767
> Madison, WI 53701-1767
> Telephone: 608-257-5661
> Fax: 608-257-5444
> mmodl@axley.com
> aclarkowski@axley.com

Bryan Farney
Dechert LLP
106 East Sixth Street, Suite 800
Austin, TX 78701
Telephone: 512-394-3000
Fax: 512-394-3001
bryan.farney@dechert.com

Jonathan D. Baker
Dechert LLP
1117 California Avenue
Palo Alto, CA 94304
Telephone: 650-813-4843
Fax: 650-813-4848
jonathan.baker@dechert.com

**For Defendants Toshiba America, Inc. and Toshiba America Information Systems, Inc.:**

James R. Cole
Anthony A. Tomaselli
Quarles & Brady LLP
One South Pinckney Street
P.O. Box 2113
Madison, WI 53701-2113
Telephone: 608-251-5000
Fax: 608-251-9166
jrc@quarles.com
aat@quarles.com

James B. Bear
Vito A. Canuso III
Edward (Ted) M. Cannon
Knobbe Martens Olson & Bear LLP
2040 Main Street, 14th Floor
Irvine, CA 92614-3641
Telephone: 949-721-2889
Fax: 949-760-9502
vcanuso@kmob.com
tcannon@kmob.com